Andrew E. JOHNSON, et al., Plaintiffs,

v.

Sandra MORTHAM, etc., et al., Defendants.

No. TCA 94–40025–MMP.

United States District Court, N.D. Florida, Tallahassee Division.

Jan. 4, 1996.

Gerald J. Sullivan, Jr., Sullivan & Boyd, Jacksonville, FL, for plaintiffs.

George L. Waas, Attorney General's Office, Department of Legal Affairs, Tallahassee, FL, Brenda Wright, Pro Hac Vice, Jackqueline A. Berrien, Pro Hac Vice, Todd A. Cox, Pro Hac Vice, Lawyers' Committee for Civil Rights Under Law, Washington, DC, Gerald B. Curington, General Counsel, House of Representatives, Tallahassee, FL, Stephen N. Zack, Pro Hac Vice, Miami, FL, Richard A. Hixson, Richard A. Hixson, P.A., Tallahassee, FL, Thomas R. Tedcastle, Florida House of Representatives, House Majority Office, Tallahassee, FL, and David Alan Tepper, David A. Tepper, P.A., Tallahassee, FL, for defendants.

Rodney G. Gregory, Rodney G. Gregory, P.A., Jacksonville, FL, J. Gerald Hebert, Pro Hac Vice, J. Gerald Hebert, P.A., Alexandria, VA, and Charles G. Burr, Charles G. Burr, P.A., Tampa, FL, for intervenors-defendants.

Before HATCHETT, Circuit Judge,
PAUL, Chief District Judge, and VINSON, District Judge.

### ORDER

This cause comes before the Court on the following pre-trial motions: Plaintiffs' motion for a protective order (Doc. 105), to which Defendant–Intervenor United States has responded (Doc. 108); and a motion by Defendant–Intervenor United States to quash Plaintiffs' deposition, or in the alternative for a protective order (Doc. 107), to which Plaintiffs have responded by facsimile.

For the reasons outlined below, both of these motions are GRANTED.

### I. Plaintiffs' Motion For A Protective Order (Doc. 105):

█ The Plaintiffs have moved for a protective order regarding the scheduled deposi-

tions of the ten plaintiffs (Doc. 105). These depositions were noticed by Defendant–Intervenor United States on December 21, 1995, and are set for January 8 and 9, 1996.[1]

The basis of the Plaintiffs' motion is that the scope of the discovery sought exceeds that set by this Court. The Plaintiffs are correct. In the order granting summary judgment on the issue of whether District Three is racially gerrymandered, we said:

> ... on the issue of whether District Three is a racially gerrymandered district, the United States' request for additional discovery must be DENIED. (Doc. 91, at 46).

In attempting to conduct unlimited discovery, the United States is apparently disregarding this Court's prior order and circumventing the specific denial of such discovery. Because of the previously granted partial summary judgment, the claims of the complaint have been narrowed down to only the strict scrutiny issue.

The scope of the limited discovery allowed has been set out plainly:

> The parties have thirty (30) days from the date of this order [since extended to January 15, 1996] within which to conduct discovery on matters relevant to a strict scrutiny analysis of District Three. (Doc. 91, at 46–47).

Any discovery sought that is not relevant to a strict scrutiny analysis of District Three is improper.

Therefore, the Plaintiffs' motion for a protective order (Doc. 105) is GRANTED under Rule 26(c)(4), and discovery shall be limited to matters relevant to the strict scrutiny issue.

### II. Motion By Defendant–Intervenor United States To Quash The Deposition Of DOJ, Or Alternatively For A Protective Order (Doc. 107):

█ Defendant–Intervenor United States has moved to quash the scheduled deposition

---

1. Also requested are the production of six categories of documents, but it is not clear whether the documentary request is under Rule 34 or Rule 30(b)(1), via subpoena. In either event, the re-

quest to produce the documents within nine working days does not comply with these rules' requirements.

of "The United States Department of Justice," or alternatively, for a protective order barring that deposition (Doc. 107). Plaintiffs essentially seek to depose the DOJ representative designated to provide testimony relevant to whether Florida's Third Congressional District passes a strict scrutiny analysis. This deposition was noticed by Plaintiffs on December 22, 1995, and is set for January 5, 1996.

Defendant–Intervenor United States agrees that matters related to the strict scrutiny analysis are obviously relevant to these proceedings. However, the United States argues that Plaintiffs should be limited to such investigation through the normal discovery process, and not through deposition of its attorneys. In addition, the United States maintains that Plaintiffs' request for information pertaining to the preclearance of the redistricting plan in *Scott v. United States Department of Justice*, Case No. 94–622–Civ–T (M.D.Fla), is not relevant, and is otherwise not subject to discovery under the deliberative process privilege.

The Court agrees with the United States. It is inappropriate for Plaintiffs to depose any DOJ attorneys or other employees, unless these prospective deponents will be providing testimony at trial that is relevant to the strict scrutiny inquiry. The Court fails to see how evidence regarding preclearance in *Scott* would be relevant in the case at bar. Plan 308 and the Third Congressional District were never subject to the preclearance requirements. The Court therefore need not reach DOJ's assertion of the deliberative process privilege.

As a result, Defendant–Intervenor United States' motion for a protective order (Doc. 107) is GRANTED under Rule 26(c)(4), and discovery shall be limited to matters relevant to the strict scrutiny issue.

It is therefore

**ORDERED AND ADJUDGED:**

1. Plaintiffs' motion for a protective order (Doc. 105) is GRANTED, to the extent set out in this order.

2. Defendant–Intervenor United States' motion to quash, or alternatively for a protective order (Doc. 107) is GRANTED, to the extent set out in this order.

**DONE AND ORDERED.**

HATCHETT, Circuit Judge, concurring in part and dissenting in part:

I concur in the decision to grant the Justice Department's motion for a protective order.

With regard to Plaintiffs' motion, I agree with the majority's contention that at this stage of the case, "[a]ny discovery sought that is not relevant to a strict scrutiny analysis of District Three is improper." I do not agree, however, that the Justice Department's discovery requests extend to matters beyond the strict scrutiny inquiry. In their motion, Plaintiffs object to the Justice Department's Notice of Deposition and Request for Production of Documents, which asks each plaintiff-deponent to produce:

1. Any and all documents demonstrating or relating to in any way the harms claimed by each deponent in the complaint filed in the above-styled cause, including but not limited to the allegation that the creation of the Third Congressional District deprives each of the plaintiffs of equal protection of the law.

2. Any and all documents relating to the allegation in the complaint that "the shape of the Third Congressional District results in a political unit incapable of meaningful representation."

3. Any and all documents relating to the allegation in the complaint that populations in Orlando, Dayton[a] and Jacksonville are likely to have competing interests.

4. Any and all documents relating to the allegation in the complaint that the Third Congressional District lacks "real and effective contiguity."

5. Any and all documents relating to the allegation in the complaint that the Third Congressional District was not "narrowly tailored to further a compelling state interest."

6. Any and all documents relating to the allegation in the complaint that the Third Congressional District "contains

no coherent communities of shared interest and shows no respect for traditional political boundaries."

To me, all of the documents the Justice Department requests bear directly on the issue of whether the Third District "is *narrowly tailored* to achieve a compelling state interest." *Miller v. Johnson,* —— U.S. ——, ——, 115 S.Ct. 2475, 2490, 132 L.Ed.2d 762 (1995) (emphasis added). Accordingly, I do not concur that "the United States is apparently disregarding this Court's prior order," and I would deny Plaintiffs' motion for a protective order.